IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHARLES RANDALL HARRISON,**
      **Plaintiff,**

vs.                                                  Case No: 3:05cv348/MCR/MD

**GRAND JURORS, et al.,**
      **Defendants.**
_____

## REPORT AND RECOMMENDATION

      **Plaintiff, proceeding *pro se* and *in forma pauperis* (doc. 13)**, has paid the initial partial filing fee (doc. 15), and this cause is before the court upon his amended civil complaint (doc. 10) filed pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

## BACKGROUND

      Plaintiff is a federal prisoner currently incarcerated at Devens Federal Medical Center in Ayer, Massachusetts. The complaint names the following defendants: Grand Jurors certifying indictment no: 3:96cr57/RV, Assistant United States Attorney Edward Knight, United States Attorney Michael Patterson, United States District Judge Roger Vinson, DEA Special Agent Charles Gravat and Geneva County, Alabama Task Force Agent Tony Helms. Plaintiff claims the defendants engaged in the following "racketeering activity:" they conspired to obstruct justice, bribe witnesses and suborn perjury in securing his indictment and subsequent conviction in this court for conspiracy to possess methamphetamine and amphetamine with

intent to distribute and possession of amphetamine with intent to distribute. (Doc. 10, p. 8 ¶¶ 41 & 42, and pp. 12-16; *see also United States v. Charles Randall Harrison*, case no. 3:96cr57). Specifically, plaintiff contends AUSA Knight and USA Patterson bribed several witnesses with promises of lesser sentences and of not forfeiting one witness' residence. (*Id.*, pp. 12-13, ¶¶ 67 & 71). He further complains that "the indictment was drawn up strictly by the prosecutor" (*id.*, p. 5, ¶24), and that the grand jurors falsely certified the indictment (*id.*, pp. 12-13, ¶ 69). Additionally, plaintiff asserts that District Judge Vinson "aided and abetted the Grand Jurors . . . in that the Grand Jury problems have been brought to his attention by several motions filed in his Court which he has studiously ignored and denied without opinion." (*Id.*, ¶ 70; *see also* p. 5, ¶ 23).[1] According to plaintiff, the RICO "enterprise" is the United States District Court for the Northern District of Florida or, in the alternative, the "association in fact" of each defendant. The defendants' alleged racketeering was "undertaken for the purpose of furthering their common scheme or artifice to obtain the proceeds from 'drug forfeitures.'" The income derived from the alleged racketeering activity consists of "all the 'drug forfeitures' that have taken place in the Federal District Courts for the Northern District of Florida, and their own government paychecks. . . ." (*Id.*, pp. 14-15). As a result of defendants' alleged RICO activities, plaintiff states he "has been injured in his Constitutional rights, his business and his property." (*Id.*, p. 15 ¶ 80). Specifically, plaintiff has been "deprived . . . of the right to due process of law and indictment by Grand Jury by falsely certifying the document titled 'indictment' 3:96cr57/RV was returned by a Grand Jury when in fact the criminal charges were created strictly by the prosecutors (2) and attested to by only one member of the Grand Jury." (*Id.*, ¶ 82). As relief, plaintiff seeks treble damages under the RICO statute, punitive damages, and compensatory damages for his "false imprisonment." (*Id.*, p. 18).

---

[1] The "Grand Jury problems" to which plaintiff refers are "falsely certifying [that] the document titled 'indictment' 3:96cr57/RV was returned by a Grand Jury when in fact the criminal charges were created strictly by the prosecutors and attested to by only one member of the Grand Jury. . . ." (*Id.*, pp. 15-16 ¶82).

## DISCUSSION

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's amended complaint, the court concludes that it does not present an actionable claim.

In essence, plaintiff alleges that there was an illegal conspiracy to indict and convict him. Although he couches his allegations in terms of violations of RICO, he does not claim any injury apart from the fact of his conviction, and he consistently characterizes the underlying events as acts in furtherance of the alleged conspiracy to indict and convict him. Regardless of whether plaintiff's claims are construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or the RICO statute, based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), this damages suit is barred.

In *Heck*, the Supreme Court ruled that a claim under 42 U.S.C. § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable

unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487, 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id.* The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam). Although the Eleventh Circuit has not addressed the applicability of *Heck* to RICO claims, a number of other courts have held that the *Heck* rule applies with equal force to civil RICO claims. *See, e.g.*, *Williams v. Hill*, 878 F.Supp. 269 (D. D.C. 1995), *affirmed*, 74 F.3d 1339 (D.C. Cir. 1996) (concluding that *Heck* was applicable to civil RICO action filed by federal prisoner against federal prosecutors and other officials); *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) (holding that civil suit filed by federal prisoner under 28 U.S.C. § 1331 was barred by *Heck*, where prisoner alleged that: law enforcement officials violated his constitutional rights when they were investigating him; he was held without an indictment; his court-appointed counsel rendered ineffective assistance; the district court illegally indicted and sentenced him; and all of the named defendants conspired to violate his constitutional rights, obstruct justice, commit mail fraud, commit common-law fraud, violate RICO, and engage in "out law [sic] conduct."); *Hermansen v. Chandler*, No. 99-5943, 211 F.3d 1269 at *2 (6th Cir. 2000) (Table) (unpublished opinion) ("This court has consistently applied th[e] [*Heck*] princip[le] to civil actions under RICO. . . .") (citing other unpublished Sixth Circuit cases); *Davit v. Davit*, 366 F.Supp. 2d 641, 653 & n. 10 (N.D. Ill. 2004); *Garcia v. Scribner*, No. C 97-0742 CRB, 1998 WL 397895 (N.D. Cal. July 10, 1998); *Myrick v. Keene*, No. 95-CV-1360, 1998 WL 146275 at *1 (N.D. N.Y. 1998) (holding that damages claims, including those brought under RICO, were barred by *Heck*); *but see Hunter v. Gates*, No. CV99-12811, 2001 WL 837697 at * 3-4 (C.D. Cal. 2001) (holding that *Heck* rule does not apply to civil RICO claims).

 As the Eleventh Circuit explained in *Abella, supra*:

> [T]he *Heck* rule is not based upon the unique comity concerns that a § 1983 claim presents. Rather, the Court's purpose was to limit

>the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues. The same rationale applies with equal force to *Bivens* challenges; collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings. Thus, we hold that the *Heck* rule applies to *Bivens* damages claims.

63 F.3d at 1065 (citations omitted). This reasoning persuades the undersigned that *Heck* applies equally to civil RICO actions where the RICO claim collaterally attacks a criminal judgment.

The court takes judicial notice of its own records in *United States v. Charles Randall Harrison*, case no. 3:96cr57. In that case, plaintiff was charged in a two count second superseding indictment with conspiracy to possess methamphetamine and amphetamine with intent to distribute and possession of amphetamine with intent to distribute. (Case no. 3:96cr57, doc. 40). Following a two day jury trial in November of 1996, he was convicted in this court of both counts of the indictment, and was sentenced on January 23, 1997 to concurrent terms of imprisonment of 420 months on count one and 360 months on count two followed by a ten year term of supervised released. (*Id.*, doc. 111). He appealed his conviction, raising multiple issues, including a challenge to an unsigned warrant and an allegedly unreasonable search, a *Brady* claim, a claim that the government offered perjured testimony and improperly vouched for its witnesses in its closing argument, that the court made improper statements, that cross-examination was restricted and several sentencing issues. On January 28, 1999 the Eleventh Circuit affirmed plaintiff's conviction and sentence. (*Id.*, doc. 163). While this appeal was pending, plaintiff filed a motion to vacate pursuant to 28 U.S.C. § 2255. The motion was dismissed without prejudice due to the pending appeal. (*Id.*, docs. 148 & 150).

Plaintiff then filed another § 2255 motion and amendment. (*Id.*, doc. 172). He raised five grounds for relief, including ineffective assistance of trial and appellate counsel, that his sentence was illegally enhanced, that the court made a constructive amendment to the indictment, that he was prejudiced by "substantial

cumulative error" in his case, and that he was entitled to relief under *Apprendi*.[2]  The district court found that trial counsel had been ineffective due to his failure to request a special verdict form,[3] and resentenced plaintiff on count one to a term of no more than 360 months imprisonment.  (*Id.*, docs. 237 & 250).  Plaintiff appealed, and his appeal was dismissed on January 16, 2002 after a certificate of appealability was denied.  (*Id.*, doc. 276).

Plaintiff then filed another motion under § 2255, raising a number of challenges relating to the previous § 2255 proceeding and resentencing.  (*Id.*, docs. 279, 285 & 290).  The court denied relief.  (*Id.*, docs. 299 & 306).  Plaintiff appealed, and his appeal was dismissed on May 12, 2004 after a certificate of appealability was denied.  (*Id.*, doc. 345).  Since that time, plaintiff has filed various other motions in his criminal case, including a motion for relief of judgment under Rule 60(b), a "motion pursuant to 12(h)(3) of the Fed. Rule of Civil Proc Fed. R. Crim. P. 12(b)(3) note to subdivision," a petition under the All Writs Act 28 U.S.C. § 1651, and a "motion to dismiss indictment for lack of jurisdiction.  The court's order denying the latest motion, the motion to dismiss the indictment," is presently on appeal.  (*Id.*, docs. 358, 359, 363).

Plaintiff's damages claims rest on the contention that the defendants unlawfully conspired to indict and convict him of crimes he did not commit.  Were this court to make a determination in plaintiff's favor (that the indictment in plaintiff's criminal case was defective, and that plaintiff's indictment and conviction were obtained through bribery, the use of perjured testimony, and obstruction of justice), it would call into question the validity of plaintiff's conviction.  It is clear from the complaint and this court's own records that plaintiff has not obtained an invalidation of his conviction.  Therefore, this action should be dismissed without prejudice to its refiling in the event plaintiff obtains such an invalidation.

---

[2]*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[3]There had been no jury finding on the identity of the drug involved in the conspiracy and the district court therefore had sentenced plaintiff in accordance with the drug carrying the higher penalty, methamphetamine, instead of amphetamine, which carried a maximum term of 360 months imprisonment.

## CONCLUSION

As plaintiff cannot successfully bring his damages claims in this civil action, the court is satisfied that plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, it is respectfully RECOMMENDED:

That this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii) and the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**